IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
|---|---|
| THIS DOCUMENT RELATES TO:<br>*Pilar El Quesny and Mongy El Quesny v. Ethicon, Inc. et al.* | Case No. 2:15-cv-13288 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Pilar El Quesny and Mongy El Quesny, by and through their undersigned counsel, hereby respectfully submit the following Memorandum in Opposition to Defendants, Johnson & Johnson and Ethicon, Inc.'s ("Defendants"), Motion for Partial Summary Judgment. As explained in detail below, Defendants' motion should be denied.

**I.   STATEMENT OF MATERIAL FACTS**[1]

Plaintiff, Pilar El Quesny, is a 67-year-old woman who resides with her husband, Plaintiff, Mongy El Quesny, in Indiana. *See* Plaintiffs' Complaint, at Doc. No. 1. On March 15, 2005, Mrs. El Quesny underwent implantation of Defendants' Gynemesh PS transvaginal mesh devices at St. Anthony Medical Center in Crown Point, Indiana by Dr. Prayuk Andrew Waran. *Id.* At the time of her surgery, Mrs. El Quesny was diagnosed with pelvic organ prolapse. *Id.*

Plaintiffs initiated this action by Short Form Complaint in the United States District Court for the Southern District of West Virginia on September 18, 2015. *See* Doc. No. 1.

---

[1] The Local Rules of this District do not require numbered paragraphs with admissions or statements of contradiction, so this brief will not go point-by-point through Defendants' Statement of Material Facts. However, Plaintiffs do not adopt or admit Defendants' version of the facts, or waive any right to challenge Defendants' version of the facts.

In their present Motion, Defendants move for summary judgment on the following grounds, which Plaintiffs oppose:

- Plaintiffs' negligence claim (Count I);
- Plaintiffs' strict liability design defect claim (Count V); and
- Plaintiffs' gross negligence claim (Count XIV).

Defendants have not moved for summary judgment on Plaintiffs' loss of consortium claim (Count XVI), punitive damages claim (Count XVII), or discovery rule and tolling claim (Count XVIII). Plaintiffs will not be proceeding with the following claims at trial:

- Plaintiffs' strict liability manufacturing defect claim (Count II);
- Plaintiffs' failure to warn claim (Count III);
- Plaintiffs' strict liability defective product claim (Count IV);
- Plaintiffs' common law fraud claim (Count VI);
- Plaintiffs' fraudulent concealment claim (Count VII);
- Plaintiffs' constructive fraud claim (Count VIII);
- Plaintiffs' negligent misrepresentation claim (Count IX);
- Plaintiffs' negligent infliction of emotional distress claim (Count X);
- Plaintiffs' breach of express warranty claim (Count XI);
- Plaintiffs' breach of implied warranty claim (Count XII);
- Plaintiffs' violation of consumer protection laws claim (Count VIII); and
- Plaintiffs' unjust enrichment claim (Count XV).

As set forth below, Defendants' motion for summary judgment should be denied with respect to all grounds Plaintiffs oppose.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (quoting Rule 56(c), as written at that time). "This burden can be met either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim." *Miles v. Bollinger*, 979 F.2d 848 (4th Cir. 1992) (Table), 1992 WL 347635, at *2 (4th Cir. Nov. 25, 1992) (citing *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)).

When the moving party meets its initial burden, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Rule 56(e), as written at that time).

When reviewing a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the court must "draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party." *Hall v. Boston Scientific Corp.*, No. 2:12-cv-08186, 2015 WL 874760, at *1 (Feb. 27, 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578-88 (1986). Moreover, the court "is required to resolve all conflicts in favor of the non-moving party." *Savage v. 3M Co.*, No. 4:08:cv-1162, 2010 WL 4000620, at *2 (E.D. Mo. Oct. 12, 2001) (citing *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.3d 207, 210 (8th Cir. 1976).

### III. LEGAL ARGUMENT

#### A. Choice of Law

Plaintiffs agree, based on the decisions of the Court, that Indiana substantive law applies to Plaintiffs' claims.

Defendants move for summary judgment arguing, essentially, as follows: (1) plaintiffs' claims should be consolidated under the Indiana Product Liability Act ("IPLA"), which plaintiff concedes; and (2) plaintiffs' strict liability claims should be dismissed as not recognized under the ILPA, which plaintiff opposes.

B.    **The claims plaintiffs are pursuing are governed by the IPLA.**

The IPLA "governs all actions that are (1) brought by a user or consumer; (2) against a manufacture or seller; and (3) for physical harm caused by the product, regardless of the substantive legal theory or theories upon which the action is brought." Gresser v. Dow Chem. Co., 989 NE.2d 339, 344 (Ind Ct. App.), reh 'g denied (July 22,2013), transfer denied, 999 NE.2d 417 (Ind. 2013). To succeed in an action under the IPLA, a plaintiff must prove the following: (1) he or she was harmed by a product; (2) the product was sold in a defection condition unreasonably dangerous to any user or consumer; (3) the plaintiff was foreseeable user or consumer; ( 4) the defendant was in the business of selling the product; and ( 5) the product reached the consumer or user in the condition it was sold. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001) (applying Ind. Law).

Plaintiffs thus concede the following of their claims as subsumed by the IPLA:

- Negligence (Count I)
- Design Defect (Count V), and
- Gross Negligence (Count XIV)

Plaintiffs will not be pursuing the following claims in their case:

- Maunfacturing Defect (Count II)
- Failure to warn (Count III)
- Defective Product (Count IV)
- Common Law Fraud (Count VI)
- Fraudulent Concealment (Count VII)
- Constructive Fraud (Count VIII)
- Negligent Misrepresentation (Count IX)
- Negligent Infliction of Emotional distress (Count X)

- Breach of Express Warranty (Count XI)
- Breach of Implied Warranty (Count XII),
- Violation of Consumer Protection Laws (Count XIII), and
- Unjust Enrichment (Count XV)

**C. The ILPA recognizes strict liability theories of recovery.**

The Courts have recognized that plaintiffs may, under the IPLA allege theories under both negligence and strict liability. *See* Piltch v. Ford Motor Co., 11 F.Supp.3d 884, 888 (N.D. Ind. 2014). To succeed in strict liability actions, the plaintiff must prove that: (1) the product was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left the defendant's control; and (3) the defective condition was the proximate cause of plaintiffs' injuries. *Id*, citing Ford Motor co. v. Rushford, 868 N.E. 2d 806, 810 (Ind. 2007). With design defect claims, the plaintiff must prove the manufacturer failed to exercise reasonable care under the circumstances in designing the product or providing warnings. *Piltch*, (1 F. Supp. 3d at 888). While this proof "sounds" more like a negligence claim, in <u>Piltch</u>, the Court allowed plaintiff to proceed on all three claims - negligence, breach of warranty, and strict liability, which is precisely what the Court should do here.

Importantly, the Indiana courts have explicitly recognized the right of plaintiffs to proceed with strict liability claims under the IPLA:

> [We] conclude that the 1978 Product Liability Act is, as it purports to be, a codification of the pre-Act common law theory of strict liability in tort which held the theories of breach of implied warranty in tort and strict liability in tort under section 402A of the Restatement (Second) of Torts to be identical. Thus, the 1978 Act [IPLA] did not do anything to change the identity of those theories.

*Thiele v. Faygo Beverate, Inc*., 489 N.E. 2d 562,584 (Ind.App. 1986).

Defendants seek to dismiss plaintiffs' claims because the proof required for strict liability claims is different under Indiana law than it is under other State's laws. Significantly, defendants

do not challenge that there is sufficient evidence to proceed to trial on any of plaintiffs' claims subsumed under the IPLA. As such, there is no real controversy here. Plaintiffs agree their claims are subsumed under the IPLA, and the law recognizes strict liability claims, albeit the proofs of those claims may be different under Indiana law then other State's laws.

### IV.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion for Partial Summary Judgment and enter the proposed Order attached hereto.

 

Respectfully submitted,

**KLINE & SPECTER, PC**

By: _____
LEE B. BALEFSKY, ESQUIRE
CHRISTINE V. CLARKE, ESQUIRE

Dated:  October 25, 2018          *Attorneys for Plaintiffs*